IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CR-5-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JERRELL TAYLOR | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion (DE 62) to revoke the magistrate judge's pretrial detention order entered July 10, 2020 (DE 58). Requested review having been undertaken, for reasons given below, defendant's plea for release is denied.

## BACKGROUND

Defendant and co-defendant Carlos Green were indicted by a federal grand jury on January 14, 2020, for the offense of conspiracy to possess with the intent to distribute and distribute a mixture and substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, and a quantity of cocaine and cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) ("Count One"). In addition, the indictment charges that on or about July 24, 2019, defendant possessed with the intent to distribute fifty (50) grams or more of a mixture of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("Count Two").[1]

---

[1] Co-defendant Carlos Green was charged individually with additional counts of distribution of methamphetamine and cocaine base (crack) (Counts Three, Four, Five, Eight), as well as counts of possession of a firearm (Counts Six, Seven, Nine, Ten).

Defendant appeared before a magistrate judge for hearing held July 10, 2020, on the government's motion for pretrial detention. The court heard testimony of Mr. Isaac Taylor ("Isaac Taylor"), defendant's brother and proposed third-party custodian, as well as Ms. Denise Moore ("Moore"), defendant's girlfriend, as well as testimony of federal agent Mr. Michael Horn ("agent Horn"). The magistrate judge orally announced decision to grant the government's motion and entered a written order granting the government's motion that same date. On July 16, 2020, defendant filed the instant motion to revoke the detention order, requesting a hearing on the motion.

**COURT'S DISCUSSION**

A.   Standard of Review

If a person is ordered detained by a magistrate judge, the person may file with the district court a motion for revocation of the order. 21 U.S.C. § 3145(b). The district court should conduct a de novo review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Ramey, 602 F. Supp. 821, 822-24 (E.D.N.C. 1985). In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. See Williams, 753 F.2d at 333-34. The court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review. See id., at 333; see also United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990) (district court has discretion on whether to conduct a further evidentiary hearing); United States v. Delker, 757 F.2d 1390, 1393-94 (3rd Cir. 1985) (same); United States v. Fortna, 769 F.2d 243, 249-50 (5th Cir. 1985) (same).

B.  Analysis

Because there is probable cause to believe that defendant committed an offense subject to a maximum term of imprisonment of ten years or more under 21 U.S.C. § 801 et seq., defendant is subject by operation of law to the presumption, which may be rebutted by the defendant, that he is a risk of flight and a danger to the community, and that no condition or combination of conditions can be fashioned to assure her appearance and that she will not be a danger. 18 U.S.C. § 3142(e)(3). In determining whether there are conditions of release, pursuant to § 3142(c), that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . controlled substance . . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release . . . .
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at a detention hearing. 18 U.S.C. § 3142(f).

In a pretrial detention hearing, the government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. United States v. Salerno, 481 U.S. 739, 751 (1987) (requiring "clear and convincing

evidence that an arrestee presents an identified and articulable threat to an individual or community" to justify pretrial detention.). To consider whether any conditions of release will reasonably assure a defendant's attendance at trial, the government need only prove that there are no such conditions by a "preponderance of the evidence." United States v. Stewart, 19 F. App'x 46, 47 (4th Cir. 2001) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)).

Upon thorough review of defendant's motion for revocation, the magistrate judge's order of release, and the matters of record in this case including a complete audio recording of the detention hearing, the court finds the well-considered decision of the magistrate judge to be correct. The government has proven by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required.

In support of this conclusion, the court adopts the reasoning of the magistrate judge and makes the following findings in supplement to or in emphasis of the magistrate judge's findings. With respect to the nature and circumstances of the offense charged and the strength of the government's case, the volume of drugs involved is significant, including multiple pounds of methamphetamine shipped in packages to this district from California. While defendant does not have a substantial criminal history, he does have a history of probation violations, an outstanding warrant in California, and a record of 11 bench warrants for failure to appear, coupled with unemployment at the time of his arrest. Defendant also has a history of using alias names and an alias date of birth.

The risk of defendant's non-appearance in the instant case is amplified by the following combination of factors. Defendant has substantial contacts outside of the district, including his source of supply in California and family relations in Nevada. While defendant resided in Kinston for a number of years before the charged distribution offense, he travelled to Las Vegas in October

4

Case 4:20-cr-00005-FL   Document 63   Filed 07/21/20   Page 4 of 7

2019, where he remained until arrested in April 2020. The court recognizes defendant's argument that his travel to Las Vegas is not problematic because he left North Carolina prior to issuance of the indictment in January 2020. Defendant had, however, been questioned by law enforcement about his drug transactions in July 2019.

Additionally concerning with respect to reliability of proposed conditions for release is defendant's relationship with the propose third-party custodians. Although Isaac Taylor testified about his own long term employment, lack of drugs or firearms in his home, lack of substantial criminal record or crime in the neighborhood, and willingness to install electronic monitoring in his residence, it is troubling that Isaac Taylor did not know that defendant had departed the same residence in 2019 for Las Vegas. He told police when they visited the house that he did not know defendant's whereabouts. Indeed, Isaac Taylor testified twice that he "did not care" why defendant left. He testified that if he had inquired, defendant would have told him to "stay out of my business."

In addition, Isaac Taylor allegedly was involved in certain respects in the offense conduct, sending money to California on multiple occasions specifically at the direction of defendant, using Isaac Taylor's identification, including to people that Isaac Taylor did not recognize in his testimony. While Isaac Taylor does have steady employment during the night shift, he does not have a driver's license, and he depends on a second brother, Brandon Taylor, for transportation. Brandon Taylor also maintained closer communication during 2019 with defendant. Since defendant returned to North Carolina, defendant also bragged to Isaac Taylor that he had been involved in a fight in jail. In sum, the combination of lack of past vigilance on the part of Isaac Taylor with his own involvement in certain aspects of defendant's transmission of money to

5

California, demonstrate that this proposed third party custodian is unsuitable for assuring defendant's appearance.

The court finds defendant's second proposed backup third party custodian, Moore, is unsuitable for similar reasons. Although Moore has no criminal convictions and is a high school graduate, she testified that she had an on and off relationship with defendant for the past three years. She and defendant have one child, who is nine months old, who lives with Moore. Based on the information given at testimony at hearing and pretrial services report, defendant left for Las Vegas for multiple months approximately at the time of the birth of his daughter. Although Moore knew police were looking for defendant in November 2019, and although she knew defendant had left for Las Vegas at that time, she did not inform the police that defendant was in Las Vegas. Moore also was involved in accepting delivery of approximately 20 packages from California. Although Moore testified she did not know the contents of the packages, the government presented evidence that she frequently exchanged messages with defendant and directed defendant to cross her name off of certain packages that were delivered to her residence.

In sum, the evidence presented does not provide assurance that there can be conditions imposed to reasonably assure defendant's appearance. While the court is mindful of defendant's argument that defendant could be more available to counsel to assist with his defense upon release, as well as the substantial challenges posed by representation during a time of heightened jail restrictions, these considerations are not determinative to the court's assessment of defendant's risk of flight. Given the aforementioned evidence demonstrating the inability of proposed third party custodians to meet the needs of that position, if presented with a challenge or confrontation by defendant, the court finds that there are no conditions of release that will assure defendant's presence at trial.

In sum, the decision of the magistrate judge is correct, and detention prior to trial is necessary.

## CONCLUSION

For the foregoing reasons, defendant's motion (DE 62) to revoke the magistrate judge's pretrial detention order entered July 10, 2020 (DE 58) is DENIED. The court dispenses with hearing because the facts and legal contentions are adequately presented in the materials before this court and hearing would not aid the decisional process. Defendant shall remain committed to the custody of the Attorney General, subject to the provision that defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that she shall be afforded reasonable opportunity for private consultation with her counsel; and, that on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility where defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this the 21st day of July, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge