IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CR-5-FL-2
NO. 4:23-CV-126-FL

| | |
|---|---|
| JERRELL TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 197) and respondent's motion to dismiss (DE 203). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R") (DE 208), wherein it is recommended that the court dismiss petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to the M&R. (DE 209). In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion.

## BACKGROUND

Petitioner pleaded guilty July 27, 2021, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and to one count of possession with intent to distribute 50 grams or more of a mixture of substance containing a detectable amount of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(a)(1)(b), and 18 U.S.C. § 2. The court sentenced

petitioner July 20, 2022, to a term of 180 months imprisonment on each count, to run concurrently, with five years of supervised release on each count, to also run concurrently.[1]  Petitioner did not appeal.

On July 19, 2023, petitioner filed the instant motion to vacate asserting the following claims: 1) a policy argument regarding the court's application of the United States Sentencing Guidelines (the "Guidelines") with respect to offenses involving pure methamphetamine, and 2) a claim of ineffective assistance of counsel where petitioner's counsel allegedly failed to cite to case law including United States v. Slade, 631 F.3d 185 (4th Cir. 2011) to challenge the court's application of an aggravating role enhancement under § 3B1.1(a) of the Guidelines.  Petitioner also seeks the appointment of new counsel in his case.

Respondent filed the instant motion to dismiss September 28, 2023, arguing that petitioner's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  On October 23, 2023, petitioner responded in opposition to the motion to dismiss.  In the M&R entered April 4, 2024, the magistrate judge recommended dismissal of the § 2255 motion on the basis that petitioner's policy argument lacked legal merit and petitioner did not demonstrate ineffective assistance of counsel.[2]  Petitioner thereafter filed objections to the M&R.

## DISCUSSION

A.      Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed.  28 U.S.C. § 636(b).  The court does not perform a de novo review where a party makes

---

[1]     At sentencing, the court determined petitioner's advisory guidelines range to be between 188 and 235 months.  Thereafter, the court granted petitioner's oral motion for a downward variance.

[2]     The magistrate judge also recommended dismissing petitioner's request for the appointment of new counsel in connection with his § 2255 motion.

2

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. The magistrate judge correctly determined that petitioner's policy argument, request for the appointment of new counsel, and ineffective assistance of counsel claim lacked merit in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S. 668, 678–88 (1984). Upon review of the claims asserted and the record in this case, the court

3

adopts the findings and recommendation in the M&R.³ The court writes separately to address petitioner's assertion of errors in the analysis of the M&R.

Petitioner objects to the M&R's finding that petitioner's counsel did not provide ineffective assistance by failing to cite to any case law, including Slade, during sentencing. To state a claim for ineffective assistance of counsel a petitioner must show 1) "that counsel's representation fell below an objective standard of reasonableness"; and 2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

Here, the record reflects that counsel raised several arguments prior to sentencing, including objections to an any aggravating role adjustment under § 3B1.1(a) of the Guidelines, in both objections to the PSR and in a sentencing memorandum. (See DE 149 at 2; see DE 180 at 7–11). For example, petitioner's sentencing memorandum asserted that "the evidence, taken as a whole, reflects only that a number of different individuals were involved in the offense conduct" and "[petitioner's] communications and alleged direction of the actions of others show only the degree of coordination required to purchase drugs from a supplier and distribute them." (DE 180

---

³ Where petitioner does not raise specific objections regarding his methamphetamine policy argument as to the court's application of the Guidelines or his request for new counsel, the court reviews the magistrate judge's treatment of such claims for clear error. Finding none, the court adopts the recommendation of the magistrate judge concerning these claims.

4

at 9). In effect, petitioner's sentencing memorandum mirrors the language in Slade where the United States Court of Appeals for the Fourth Circuit concluded that a three-level aggravating role was inappropriate where evidence was lacking that the defendant "exercised any supervisory responsibility over these persons by controlling them or directing the terms of their sales." 631 F.3d at 191. Counsel's decision to not specifically cite to Slade or other case law during arguments is squarely among those "strategic choices . . . [which] are owed deference commensurate with the reasonableness of the professional judgments on which they are based." Strickland, 466 U.S. at 681. In sum, petitioner fails to allege facts demonstrating "that counsel's representation fell below an objective standard of reasonableness" or "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 688, 694.

Additionally, and in the alternative, the magistrate judge also correctly determined that petitioner's advisory guidelines challenge is not cognizable on collateral review. See United States v. Foote, 784 F.3d 931, 942 (4th Cir. 2015) ("The language of § 2255(a) demonstrates that collateral review is available for defects of a constitutional magnitude and other defects that are equally fundamental[.]"); see also United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) ("We join our sister circuits in holding that a misapplication of the guidelines typically does not constitute a miscarriage of justice.").

In sum, for these reasons and the reasons set forth in the M&R, petitioner's claims fail as a matter of law and must be dismissed for failure to state a claim upon which relief can be granted.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable

5

jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 120). Petitioner's motion to vacate, set aside, or correct sentence (DE 197) is DENIED, and respondent's motion to dismiss (DE 203) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of June, 2024.

LOUISE W. FLANAGAN
United States District Judge